IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANTHONY BACCARI,** on behalf of himself and others similarly situated, | CIVIL ACTION |
| **Plaintiff,** | |
| v. | NO.  22-CV-1952 |
| **CARGUARD ADMINISTRATION, INC,**<br>**Defendants.** | |

## MEMORANDUM OPINION

Plaintiff Anthony Baccari brings this putative class action against Carguard Administration, Inc. ("Carguard") for violation of the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227, ("TCPA"), after he received telemarketing calls from an entity which is not part of this litigation but which he alleges made the calls on behalf of Carguard.  Carguard has filed, in successive order (as shown on the ECF docket): (1) a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6); (2) a motion to strike pursuant to Fed. R. Civ. P. 12(f); and, (3) a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

I.   **FACTUAL ALLEGATIONS**

As pled in Baccari's complaint, the facts are plain.  Baccari had placed his cell phone number on the National Do Not Call Registry.  Despite his registration, he began receiving telemarketing calls in late September 2021 about auto warranties.  During one of the calls, Baccari asked the person on the other end of the line to identify who he worked for—and was told it was A-List Marketing Solutions, Inc. ("A-List").  In the call, the representative tried to sell to Baccari Carguard's warranty services.  Following the call, Baccari received a proposed service

contract from Carguard.

Baccari alleges that Carguard and A-List had a marketing agreement, and pursuant to that agreement, "A-List Marketing was contractually required to promote CarGuard products on their telemarketing calls." He alleges CarGuard had "day-to-day control over A-List Marketing's actions," including by instructing A-List about the number of calls it should make and the geographies in which it should make them. Baccari further alleges that Carguard had previously received complaints about its telemarketing calls and that, in a statement to the Better Business Bureau, it acknowledged that it had the power to tell companies like A-List to stop making its calls.

## II.  DISCUSSION

### A. Motion to Strike

As an initial matter, Carguard's Motion to Strike pursuant to Federal Rule of Civil Procedure is untimely because it falls afoul of Federal Rule of Civil Procedure 12(g)(2), which provides that "[e]xcept as provided in Rule 12(h)(2) or (3), a party that makes *a motion under this rule* must not make *another motion under this rule* raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12 (emphasis added); *see also Jaroslawicz v. M&T Bank Corp.*, 912 F.3d 96, 105 n.4 (3d Cir. 2018), *reh'g granted, judgment vacated on other grounds*, 925 F.3d 605 (3d Cir. 2019) (stating that Rule 12(g) "prohibits a party from making a successive motion to dismiss if that motion 'rais[es] a defense or objection that was available to the party but omitted from its earlier motion'" (quoting Fed. R. Civ. P. 12(g)(2))). The purpose of the Rule is "to prevent [] dilatory motion practice . . . a course of conduct that was pursued often for the sole purpose of delay." 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1384 (3d ed. 2022); *see also Aetna Life Ins. Co. v. Alla Med. Servs., Inc.*, 855 F.2d 1470, 1475 n.2 (9th Cir. 1988) (noting that the purpose of

Rule 12(g) is "simple and basic: a series of motions should not be permitted because that results in delay and encourages dilatory tactics").  Consequently, "the right to raise [Rule 12] defenses [and objections] by preliminary motion is lost when the defendant neglects to consolidate them in his initial motion."  Wright & Miller, *supra* at § 1385.

A motion to strike is "a motion under" Rule 12; specifically, a motion to strike is one made under Rule 12(f).  *See* Fed. R. Civ. P. 12(f); *see also* Wright & Miller, *supra* at § 1388 ("Motions to strike . . . are motions under Rule 12 and thus clearly are within the language of subdivision (g).").  Because Carguard filed a separate motion to strike *after* it already filed a motion to dismiss pursuant to Rule 12(b)(6), it has failed to comply with Rule 12(g)'s mandate to consolidate all motions "available to [it]" into a single motion.

**B. Motion to Dismiss for Lack of Subject Matter Jurisdiction**

A reading of Rule 12(g) would also suggest that Carguard should have consolidated its motion for lack of subject matter jurisdiction with its two other motions.  But "a challenge to the court's subject matter jurisdiction may be raised at any time and is not subject to the consolidation and waiver provisions [of Rule 12]."  Wright & Miller, *supra* at § 1385.  Accordingly, the Court will consider Carguard's only argument, which is that Baccari lacks standing to bring this case.  *See Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007) ("A motion to dismiss for want of standing is [ ] properly brought pursuant to Rule 12(b)(1), because standing is a jurisdictional matter.")  To establish standing, a plaintiff must show three elements: injury-in-fact, causation, and redressability.  *Const. Party of Pennsylvania v. Aichele*, 757 F.3d 347, 360 (3d Cir. 2014).

Before delving into the standing analysis, however, a determination must first be made as to whether the motion presents a "facial" or "factual" attack on the claims at issue, because that distinction determines how the pleading must be reviewed.  *In re Schering Plough Corp.*

*Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir.2012) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir.1977)).  A facial attack "contests the sufficiency of the pleadings," *id.*, "whereas a factual attack concerns the actual failure of a [plaintiff's] claims to comport [factually] with the jurisdictional prerequisites." *CNA v. United States*, 535 F.3d 132, 139 (3d Cir.2008) (internal quotation marks omitted) (alterations in original).  In other words, a "facial attack . . . is an argument that considers a claim *on its face* and asserts that it is insufficient to invoke the subject matter jurisdiction," while "[a] factual attack . . . is an argument that there is no subject matter jurisdiction because *the facts of the case . . .* do not support the asserted jurisdiction." *Aichele*, 757 F.3d at 358 (3d Cir. 2014) (emphasis added).  To make a factual attack, a challenger must raise "a factual dispute" by "present[ing] competing facts" about the basis for jurisdiction.  *Id.; see also Mortensen*, 549 F.2d at 892 n.17 ("A factual jurisdictional [attack] cannot occur until plaintiff's allegations have been controverted.")

When reviewing a facial challenge, "the same standard as on review of a motion to dismiss under Rule 12(b)(6)" is applied; that is, only the allegations in the complaint are examined, and are done so in the light most favorable to the plaintiff.  *In re Horizon Healthcare Servs. Inc. Data Breach Litig.*, 846 F.3d 625, 633 (3d Cir. 2017).  When reviewing a factual challenge, on the other hand, evidence outside of the pleadings may be weighed and considered, and "no presumptive truthfulness attaches" to the facts pled in the complaint.  *Mortensen,* 549 F.2d at 891.

Here, Carguard raises a factual attack, because it presents evidence directly contradicting the bases for Baccari's standing.  In particular, Carguard disputes facts in the complaint tending to show that it caused Baccari's injury.  The complaint alleges, for example, that "A-list

Marketing was contractually required to promote Carguard's products on their telemarketing calls in order to potentially generate new customers." Carguard's CEO, however, attests in a declaration that A-List was "contractually *prohibited* from engaging in any form of telemarketing to market Carguard's products" (emphasis added). The CEO's statement is confirmed both by the marketing agreement between Carguard and A-List, (attached as an exhibit to the motion), and the Exclusivity Agreement, (also attached), which clearly states that "[A-List] will not use any form of telemarketing to market the products."

Carguard's declaration raises further factual disputes concerning whether it caused Baccari's injury. For example, the complaint alleges that "Carguard has previously received complaints regarding the telemarketing conduct of its third-party vendors," and that "Carguard was knowingly and actively accepting the business that originated through the illegal telemarketing calls through the issuance of vehicle service contracts." In contrast, Carguard's declaration states that "Carguard was unaware that A-List was making any sort of prerecorded calls during the timeframes at issue in the Complaint. It would not have accepted any contracts from A-List had it been aware of those facts at the time it accepted the contracts."

When a "defendant contests the jurisdictional allegations . . . under oath, then it is incumbent upon the plaintiff to respond to the defendant's sworn factual assertions. In doing so, a conclusory response will not suffice." *Int'l Ass'n of Machinists & Aerospace Workers v. Nw. Airlines*, Inc., 673 F.2d 700, 711-12 (3d Cir. 1982). Instead, the plaintiff must present proof of jurisdiction countering the defendant's facts "by affidavits or other sworn proofs." *Id*. Here, Baccari has failed to do just that. In response to the evidence Carguard presented to break the factual link between itself and Baccari's harm, Baccari only provides a lengthy discussion about the law concerning principles of agency, and restates allegations in the complaint. For example,

Baccari merely re-asserts that A-List was "contractually require[d]" to use telemarketing practices to reach customers like himself.  Because Baccari has not met his burden to produce evidence responding to Carguard's factual attack, Carguard's motion for lack of subject matter jurisdiction will be granted, and the Complaint will be dismissed without prejudice.  Further, as Baccari's complaint is being dismissed for lack of subject matter jurisdiction, Carguard's motion to dismiss it for failure to state a claim will be denied as moot.

    An appropriate order follows.

                                                   **BY THE COURT:**

                                                   /s/Wendy Beetlestone, J.

                                                   **WENDY BEETLESTONE, J.**